UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARMEN ELENA MONTEILH
CHAVARRIA,

    Plaintiff,

v.                                  CASE NO. 8:17-cv-2229-T-23AEP

INTERGRO, INC., et al.,

    Defendants.
_____/

**<u>ORDER</u>**

On September 25, 2017, the plaintiff sued (Doc. 1) the defendants for negligence, for intentional infliction of emotional distress, and for breach of contract. Asserting the same claims, the plaintiff amended (Doc. 15) her complaint on October 25, 2017. On November 8, 2017, the defendants moved (Doc. 19) to dismiss the amended complaint,[1] and on April 28, 2018, the plaintiff moved (Doc. 39) — for the first time — for an order determining that Honduran law governs the claims in this action.[2]

---

[1] "Defendants' motion to dismiss amended complaint, alternative motion to strike certain allegations and the affidavit of attorney Carlos A. Leyva, and alternative notice of objection to testimony of Carlos A. Leyva." (Doc. 19)

[2] Also, the plaintiff moves "for partial summary judgment as to liability only, pursuant to [the] breach of contract claim." (Doc. 43 at 1)

By failing to timely assert the claim, a party waives the application of foreign law. *Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 459 F.3d 1249, 1257 (11th Cir. 2006); *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (holding that the plaintiff "explicitly submitted to Illinois [not Virginia] law and relied solely on it, and having done so, the district court was right to apply it to the dispute. . . . The principle of waiver is designed to prohibit this very type of gamesmanship — [the plaintiff] is not entitled to get a free peek at how his dispute will shake out under Illinois law and, when things don't go his way, ask for a mulligan under the laws of a different jurisdiction."); *Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995) (holding that choice of law is "normally waivable"); *Anderson v. McAllister Towing and Transp. Co.*, 17 F. Supp. 2d 1280, 1286 n.6 (S.D. Ala. 1998) (Volmer, J.) (holding that the defendant waived the right to have Saudi Arabian law applied to a contractual dispute because the defendant failed to give reasonable notice of its intent to assert that foreign law applied). "The failure to give proper notice of the applicability of foreign law does not warrant dismissal . . . . It is more likely that a failure to give reasonable notice will result in a waiver of the applicability of foreign law to the case." *Moore's Federal Practice*, Vol. 9, § 44.1.03[3] (3d ed. 2016).

In both the complaint and the amended complaint, the plaintiff asserts emphatically (and highlights in bold) that each claim is brought under Florida common law. The plaintiff's response to the motion to dismiss is based entirely on Florida law. Seven months elapsed between the day the plaintiff sued and the day

the plaintiff moved for "choice of law." Because the plaintiff failed to give timely notice of the claimed applicability of foreign law, she has waived her right to assert that Honduran law governs her claims.

**BACKGROUND**

Contracting with Intergro in October 2014, the plaintiff, a Honduran national, agreed to provide accounting services at Intergro's "Shared Services Center" in Honduras. (Doc. 15 at 4) The plaintiff reported to Felix Renta, CFO of the group of companies owned by Timothy Dolan. (Doc. 15 at 4) The plaintiff alleges that both Intergro and Seproma[3] "conducted" in Honduras a joint training session for employees. The activities included a white-water rafting event in which the employees were purportedly "supplied with a life jacket and a helmet, but with no other protective equipment, including no eye protection gear." (Doc. 15 at 5)

After the rafting event, the plaintiff noticed a burning sensation in her right eye. Later she required eye surgery to remove a small stone. After the surgery, the plaintiff began experiencing "significant" difficulty with her vision. (Doc. 15 at 6) Following a diagnosis of "post traumatic cataract disorder," the plaintiff required two further surgeries. In June 2016, a doctor diagnosed her with a 75% loss of vision in the injured eye. (Doc. 15 at 6)

---

[3] Seproma, a subsidiary of Intergro, is not a party to this action.

## DISCUSSION

**Negligence**

To state a claim for negligence, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff damage. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). The plaintiff alleges that Integro owed her a duty "not to select" the rafting event in which she was injured and a duty to provide effective personal protective gear instead of "solely allowing the operator of the rafting event to make the decision as to what protective equipment to provide." (Doc. 15 at 8) The defendants argue (1) that the plaintiff fails to allege sufficiently that the defendants knew that the rafting event posed an unreasonable risk of harm and (2) that, even if the plaintiff had alleged a duty of care owed by Intergro to the plaintiff, she fails to allege any individual duty owed by Dolan or Renta.

The plaintiff alleges that the defendants, who purportedly authorized, sponsored, and paid for the work event, owed her a duty of care; that the defendants breached that duty by failing to ensure that employees were adequately protected; that the breach caused her injury; and that she has suffered actual damages as a result of the defendants' negligence. The plaintiff states a claim for negligence.

**Intentional infliction of emotional distress**

To state a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant intentionally or recklessly committed outrageous conduct

and that the conduct caused severe emotional distress.  *Stewart v. Walker*, 5 So. 3d 746, 749 (Fla. 4th DCA 2009)  The standard for outrageous conduct is distinctly high.  *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985) ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.").  Whether a person's alleged conduct is sufficiently outrageous or intolerable is a matter of law.  *De La Campa v. Grifols America, Inc.*, 819 So. 2d 940 (Fla. 3d DCA 2002).

The plaintiff alleges (1) that the "[d]efendants understood that their collective refusal to compensate Plaintiff for work related injurious activities, including lost wages and medical care, would cause emotional anxiety and distress to a single working mother of three children[]" (Doc. 15 at 7) and (2) that the defendants' "intentional refusal to pay Plaintiff's lost wages, medical expenses, and other benefits as required by Honduran law . . . caused Plaintiff emotional distress" (Doc. 15 at 9).  The plaintiff fails to allege a single instance of "outrageous," "extreme," and "atrocious" conduct.  Count II is dismissed for failing to state a claim.

**Breach of contract**

The plaintiff sues for breach of contract "pursuant to non-payment of employment termination benefits."  (Doc. 15 at 1)  To state a claim for breach of contract, a plaintiff must allege the existence of a contract, a material breach of the

contract, and damages resulting from the breach.  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

### Intergro

The amended complaint fails to identify an unfulfilled contractual obligation. Instead, the plaintiff claims entitlement to payment of benefits under Honduran law but fails to identify the law or the benefits to which she is entitled.  Construed as a motion for a more definite statement of Count III, the motion (Doc. 19) is granted. In amending Count III to provide a more definite statement of the claim against Intergro for breach of contract, the plaintiff must clarify the allegation that "Intergro breached the Contract by failing to pay Plaintiff the benefits that were due under same pursuant to Honduran law."  (Doc. 15 at 10)  Ambiguity exists as to whether Honduran law or the contract governs the obligation to pay, whether Honduran law or the contract governs the amount of the required payment, or to whether and to what extent Honduran law and the contract otherwise control the obligation to pay and the amount of the payment.  The amended complaint must clarify the plaintiff's claim in this respect, among others.

### Dolan and Renta

The plaintiff fails to state a claim against either Dolan or Renta.  In Count III, the plaintiff alleges that the plaintiff's "employment with Intergro was controlled by a binding contract" and that Intergro breached the contract "by failing to pay Plaintiff the benefits that were due under same pursuant to Honduran law."  (Doc. 15 at 9–10)

But in the prayer for relief, the plaintiff (who purportedly contracted only with Intergro) prays for judgment against all defendants "for the full amount of contractual benefits due under Honduran law." (Doc. 15 at 10) The complaint lacks an allegation that Dolan and Renta are parties to the contract. Count III fails to state a claim against Dolan and Renta.

**Motion to strike**

The defendant moves (Doc. 19) under Rule 12(f), Federal Rules of Civil Procedure, to strike the allegations in paragraphs 7, 8, 14, 31, 32, 35, and 37 of the amended complaint and moves to strike the affidavit of Carlos A. Leyva (Doc. 15-1). Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A motion to strike is a drastic remedy" and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). "An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action. . . . 'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Moore's Federal Practice*, Vol. 2, s 12.37[3] (3d ed. 2016). The defendant fails to identify and describe why the allegations are immaterial, irrelevant,

and scandalous, and the plaintiff argues plausibly that the allegations are "related" to the controversy, are material, and are pertinent.

The defendant argues that Carlos Leyva's affidavit contains allegations that have "no relation to this controversy and cause prejudice to Defendants because they are inadmissible hearsay." (Doc. 19 at 12) The plaintiff responds that the "[d]efendants . . . conflate what is required for summary judgment with what is required in the pleadings. . . . The evidentiary burden that Defendants assume . . . does not exist at this stage in the proceedings." (Doc. 21 at 16) For the reasons stated by the plaintiff, the defendants' motion to strike Carlos Leyva's affidavit is denied.

## CONCLUSION

The defendant's motion (Doc. 19) to dismiss is **GRANTED IN PART**. Count II is **DISMISSED**. Count III is **DISMISSED** against Dolan and Renta. Construed as a motion for a more definite statement of Count III, the motion (Doc. 19) is **GRANTED**. The plaintiff must amend Count III to provide a more definite statement of the claim against Intergro for breach of contract.

The defendant's "alternative motion [Doc. 19] to strike certain allegations and to strike the affidavit of attorney Carlos A. Leyva" is **DENIED**. The plaintiff's motion (Doc. 39) for "choice of law" is **DENIED**. The plaintiff's motion (Doc. 43) for partial summary judgment on Count III is **DENIED**.

No later than **JULY 27, 2018**, the plaintiff must amend the complaint to comply with this order.[4] The plaintiff must add no new claim.

ORDERED in Tampa, Florida, on July 16, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] That is, the plaintiff must (1) remove the claims for intentional infliction of emotional distress and (2) remove the claims against Dolan and Renta for breach of contract. Also, the plaintiff must amend Count III to provide a more definite statement of the claim against Integro for breach of contract.